JUSTICE TRIEWEILER
concurring and dissenting.
¶43 I concur with the majority’s decision to deny the relief sought by the plaintiffs.
¶44 I dissent from the majority’s decision to permanently bar a challenge to the procedure by which Article IV, Sec. 8, of the Montana Constitution was enacted.
¶45 I continue to believe that it was inappropriate for this Court to exercise original jurisdiction over the issues raised by the plaintiffs complaint for declaratory judgment and injunctive relief. As noted in the majority opinion, original jurisdiction requires a demonstration by the party who seeks to invoke it that there are emergency factors which make the normal appeal process inadequate. In this case, the parties knew about the consequences of term limits when Mack J. Cole and B.F. “Chris” Christiaens filed for their most recent terms of office in 1998. They could have filed their claims in the district court immediately thereafter and appealed any adverse decision of the district court if necessary. If they had done so, the parties could have presented the necessary record on which to decide whether the doctrine of laches actually should bar a party from challenging the procedure by which CI-64 was submitted to and passed by the voters of Montana. Instead, this Court must now infer the facts necessary to support its decision.
¶46 The doctrine of laches is an equitable doctrine which is fact intensive. For example, this Court must conclude that the delay was unexplainable; that the complaining parties were actually or presumably aware of their rights; and that enforcement of the complaining parties’ rights would be “inequitable” or “prejudicial” to some other person. In order to support the majority’s conclusion that all of these elements have been established, the majority assumes what the parties knew and when they knew it or, in the alternative, relies on legal presumptions. The Court also assumes that other elected officials left office based on their assumption that CI-64 was valid. None of these facts are a matter of record. There is no record and that is one reason why I think it was inappropriate for this Court to exercise original jurisdiction.
¶47 For these reasons, while I do not disagree that laches may apply to a procedural challenge to the process by which Article IV, Sec. 8, of the Montana Constitution was enacted, I dissent from the majority’s decision to reach that issue by way of original jurisdiction with no factual record.